■ BERNARD DURKIN, Appellant, v. WILLIAM'S TREE SURGEONS, INC., Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Memorandum: Plaintiff was injured when an eastbound automobile owned and operated by respondent's employee George crossed the Thruway mall and collided with plaintiff's westbound car. George, who had been working for respondent near Buffalo, was driving to Old Forge to join some of respondent's other employees who were engaged in trimming trees for a telephone line there. On the issue of whether he was acting in the scope of his employment, there is conflicting evidence as to whether he was transporting respondent's equipment to the Old Forge job. The trial court erroneously instructed the jury that if it found that George did not have any of respondent's equipment attached to his car and was not directed by respondent to transport its equipment, their verdict would be in favor of defendant. The trial court also erroneously refused to charge plaintiff's request that if the jury found that Mr. George was in the course of his employment in the furtherance of his employer's business and under its direction and control, with or without equipment, the defendant would be liable for any negligent act of Mr. George that the jury might find. There was other evidence in the case sufficient to support a verdict for the plaintiff and the requested charge should have been given (cf. *Lundberg* v. *State of New York,* 25 N Y 2d 467, 470). The work created the necessity for travel and respondent knew of George's intention to drive his car to the job. Employees were usually transported to new jobs in respondent's trucks, but in this instance the trucks had already taken the men and equipment to the job and George was required to go there to replace another employee as foreman. On the record the trial court's charge was erroneous and appellant's requested charge should have been given. (Appeal from judgment of Onondaga Trial Term, dismissing complaint in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.